UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PAPA HULUWAZU,<br><br>           Plaintiff,<br>v.<br>AIR FORCE, et al.,<br><br>           Defendants. | Case No. 2:15-cv-01295-MMD-PAL<br><br>**ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(IFP App. – Dkt. #1) |

This matter is before the Court on Plaintiff Papa Huluwazu's Application to Proceed *In Forma Pauperis* (Dkt. #1). This Application is referred to the undersigned pursuant to 28 U.S.C. § 636(a)–(b) and Local Rules LR IB 1-3 and 1-4 of the Local Rules of Practice.

**I. IN FORMA PAUPERIS APPLICATION (DKT. #1)**

Plaintiff is proceeding in this action *pro se*, which means that he is not represented by an attorney. *See* LSR 2-1. Pursuant to 28 U.S.C. § 1915 and LSR 1-1, any person who is unable to prepay the fees in a civil case may apply to the Court for authority to proceed *in forma pauperis* ("IFP"), meaning without prepaying the $400.00 filing fee. Here, Plaintiff has requested authority to proceed IFP and submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security for them. Accordingly, his request to proceed *in forma pauperis* will be granted. The Court will now review Plaintiff's Complaint (Dkt. #1-2).

**II. SCREENING THE COMPLAINT**

After granting a litigant's IFP request, a federal court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). If the complaint states a valid claim for relief, the Court will direct the Clerk of the Court to issue summons to the defendant(s) and the plaintiff must then serve the summons

and complaint within 120 days. *See* Fed. R. Civ. P. 4(m). When a court dismisses a complaint pursuant to § 1915(e), a plaintiff is ordinarily given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### A.   Plaintiff's Factual Allegations and Claims for Relief

The Complaint (Dkt. #1-2) alleges that in early 1981, Plaintiff served two sentences in a military jail for an event that occurred in December 1980. On May 18, 1981, Plaintiff was discharged from the Air Force purportedly due to his drug abuse. Plaintiff alleges he was wrongfully terminated from the Air Force, and he is entitled to numerous disability benefits for his service-related medical conditions, including disabilities related to his eyes and skin, and an emotional disorder. Plaintiff originally filed a claim through the Department of Veterans Affairs ("VA") on May 27, 1981. However, the VA denied his claim. Plaintiff appealed the VA's decision to the "Veterans Court of Appeals" but states that, after 34 years of seeking justice, he is "still being denied a true healing." *Id*. at 5.

### B.   Legal Standards

Federal courts are required to dismiss an *in forma pauperis* action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound to accept without question truth of plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Allegations are frivolous when they are "clearly baseless," *id*., or lack an arguable basis in law and fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *Id*. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915 is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for


1  failure to state a claim. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under
2  Rule 12(b)(6) is essentially a ruling on a question of law. *N. Star Intern. v. Ariz. Corp. Comm'n*,
3  720 F.2d 578, 580 (9th Cir. 1983).

4  For the purposes of § 1915's screening requirement, a properly pled complaint must
5  provide "a short and plain statement of the claim showing that the pleader is entitled to relief."
6  Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
7  applies Although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual
8  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the
9  elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).
10 Mere recitals of the elements of a cause of action supported only by conclusory allegations do
11 not suffice. *Id*. at 679–80. A complaint "must contain sufficient allegations of underlying facts
12 to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*,
13 652 F.3d 1202, 1216 (9th Cir. 2011). Allegations in a *pro se* complaint are held to less stringent
14 standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007);
15 *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010) (joining five other circuits finding that
16 liberal construction of *pro se* pleadings is still required after *Twombly* and *Iqbal*). However, *pro*
17 *se* litigants "should not be treated more favorably than parties with attorneys of record,"
18 *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules
19 of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

20 Federal courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs.,*
21 *Inc.*, 545 U.S. 546, 552 (2005). "A federal district court is obligated to ensure it has jurisdiction
22 over an action, and once it determines it lacks jurisdiction, it has no further power to act."
23 *Guerra v. Hertz Corp.*, 504 F. Supp. 2d 1014, 1017–18 (D. Nev. 2007) ("Without jurisdiction the
24 court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it
25 ceases to exist, the only function remaining to the court is that of announcing the fact and
26 dismissing the cause.") (citation omitted). A federal court is "presumed to lack jurisdiction in a
27 particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated*
28 *Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). The burden of

1  establishing jurisdiction "rests upon the party asserting jurisdiction." *Exxon Mobil*, 545 U.S. at
2  552 (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

3        A court's jurisdiction to resolve a case on its merits requires a showing that the plaintiff
4  has both subject matter and personal jurisdiction. *Ruhrgas AG v. Marathon Oil Co*., 526 U.S.
5  574, 577 (1999). Personal jurisdiction gives a court jurisdiction over the *person or entity* against
6  whom the case is brought. Subject matter jurisdiction gives a court jurisdiction over the *type of*
7  *case* that a plaintiff brings. There are two kinds of subject matter jurisdiction: (a) federal
8  question, giving the district court original jurisdiction over all "all civil actions arising under the
9  Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331; and (a) diversity of
10 citizenship, giving the district court original jurisdiction over all civil actions between citizens of
11 different states where the matter in controversy exceeds $75,000, 28 U.S.C. § 1332.

12     For the reasons discussed below, the Court finds that the Complaint does not state a
13 proper jurisdictional basis and, therefore, it fails to state a claim upon which relief can be
14 granted.

15     **C.**    **Analysis**

16     Here, Plaintiff asserts that jurisdiction is proper before this Court pursuant to the All
17 Writs Act, 28 U.S.C. § 1651. The All Writs Act provides that federal courts "may issue all writs
18 necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and
19 principles of law." 28 U.S.C. § 1651(a). Although the statutory language may suggest a sizable
20 expansion of the courts' jurisdiction, the Supreme Court has repeatedly held that the Act does not
21 give federal courts jurisdiction for matters that are not authorized by express statutory provision.
22 *See, e.g.*, *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 40 (1985).
23 "Where a statute specifically addresses the particular issue at hand, it is that authority, not the All
24 Writs Act, that is controlling." *Id.* at 43; *see also Apusento Garden (Guam) Inc. v. Superior*
25 *Court of Guam*, 94 F.3d 1346, 1351 (9th Cir. 1996).

26     With few exceptions, none of which are applicable here, the Secretary of the VA has the
27 sole authority to decide all questions of law and fact necessary to make a benefits decision for a
28 veteran. *See* 38 U.S.C. § 511 (stating, "the decision of the Secretary as to any such question

shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise"). If the local VA office denies a claim, a claimant may appeal the decision to the Board of Veterans' Appeals (the "Board"). *See* 38 U.S.C. § 7101; *see also* 38 C.F.R. § 20.101. The Board has jurisdiction to review benefit claims determinations made by local VA offices and issue decisions on appeals. *See* 38 U.S.C. § 7104. If the Board denies the claim, a claimant has the option of doing one of the following:

1. Reopen the claim with the local VA office if new and material evidence can be presented with respect to the claim that was denied. 38 U.S.C. § 5108.
2. File a motion for reconsideration asking the Board to review the case again because there was a clear and unmistakable error in the decision. 38 U.S.C. § 7103.
3. File an appeal with the United States Court of Appeals for Veterans Claims. 38 U.S.C. § 7252.

The Court of Appeals for Veterans Claims has "exclusive jurisdiction to review decisions of the Board." 38 U.S.C. § 7252 (authorizing the "power to affirm, modify, or reverse a decision of the Board or to remand the matter, as appropriate"). Finally, the United States Court of Appeals for the Federal Circuit has limited jurisdiction in reviewing decisions of the Court of Veterans Appeals. *See* 38 U.S.C. § 7292. The Federal Circuit's authority only allows review for decisions "on a rule of a rule of law or of any statute or regulation … or any interpretation thereof (other than a determination as to a factual matter)". *Id*. *See also Routen v. West*, 142 F.3d 1434, 1437 (Fed. Cir. 1998).

Title 38 of the United States Code sets forth the exclusive procedural mechanisms by which Plaintiff may challenge the VA's decision regarding his disability benefits. Because Title 38 specifically addresses claims for veterans benefits, the All Writs Act does not apply. This Court lacks jurisdiction over Plaintiff's claim.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Papa Huluwazu's Application to Proceed *In Forma Pauperis* (Dkt. #1) is GRANTED. Plaintiff shall not be required to pay the $400.00 filing fee.

2. The Clerk of the Court shall file the Complaint but shall not issue summons.

**IT IS RECOMMENDED** that:

1. Plaintiff's Complaint be DISSMISSED WITH PREJUDICE for lack of subject matter jurisdiction.

2. The Clerk of the Court be instructed to close this case and enter judgment accordingly.

Dated this 10th day of March, 2016.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to the findings and recommendations of a magistrate judge shall file and serve *specific written objections* together with points and authorities in support of those objections, within 14 days of the date of service of the findings and recommendations. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991). The points and authorities filed in support of the specific written objections are subject to the page limitations found in LR 7-4.